UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA M. AVORYWOSKIE, individually and on behalf of a class of employees similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>KIANA'S ENTERPRISE INC., an Illinois Corporation, and ADMON SHAMOON, individually,<br><br>        Defendants. | Case No. 13-cv-6062<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sandra M. Avorywoskie ("Avorywoskie") filed a three-count complaint against Kiana's Enterprise Inc. ("Kiana's Enterprise") and Admon Shamoon ("Shamoon") (together "defendants"), alleging failure to pay wages in violation of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment Collection Act ("IWPCA"). Defendants move for summary judgment on all counts. For the reasons stated herein, defendants' motion for summary judgment is granted.

**Background**

Unless otherwise noted, the following facts are undisputed. Kiana's Enterprise, an Illinois corporation, operates a 7-Eleven convenience store franchise at 5789 North Milwaukee Avenue, Chicago, Illinois. (Pl. 56.1 Resp. ¶ 2.) Avorywoskie was employed by defendants from February 1, 2013, through July 6, 2013, and during that time was an "employee" under the FLSA, the IMWL and the IWPCA. (*Id.* ¶ 1.) Shamoon, as president of Kiana's Enterprise, was responsible for Avorywoskie's payments and was present and trained her every day during her first months of work. (*Id.* ¶¶ 3, 10.) Thereafter, he was usually present at the store every day

except Sunday for her entire shift, which was typically eight hours. (*Id.* ¶¶ 8, 11.)

In March 2013, Avorywoskie's payment method changed from paper check to direct deposit. (*Id.* ¶ 18.) Defendants provided her with copies of her direct deposit pay stubs from March 29, 2013, to July 18, 2013, each reflecting a one week pay period. (*Id*. ¶ 20.) She alleges that she is owed compensation from six pay periods, each of the five weeks from May 24, 2013 to June 27, 2013, and July 5, 2013 to July 11, 2013. (*Id.* ¶ 29.) For each of these pay periods, Shamoon paid Avorywoskie for all hours worked, 40 hours at her regular pay rate of $9.00 per hour and varying amounts of "Miscellaneous Pay"[1] for additional hours, which appear as "Misc. Pay" on her pay stubs. (*Id.* ¶¶ 30-34, 36; Exhibit B, Dkt. # 59-2.) Avorywoskie does not know how many overtime hours she worked during these pay periods or how much money she believes she is owed. (*Id.* ¶¶ 29, 30-34, 36.) She believes she is owed money because there were two instances where she claims to have worked more than 40 hours and expected to receive substantial overtime pay. (*Id.* ¶ 39.) In these instances she received Miscellaneous Pay for the hours in excess of the 40 regular hours. (*Id.* ¶¶ 30-24, 36.)

She testified that the only person who would know how many overtime hours she worked, how much money she is owed, whether Miscellaneous Pay is overtime pay, and how it is calculated is Shamoon. (*Id.* ¶¶ 30-34, 36, 38.) Shamoon swears in his affidavit that the Miscellaneous Pay includes overtime wages. (*Id.*; Dkt. # 56-3, ¶¶ 4-15.) Yet Avorywoskie disputes that Miscellaneous Pay includes overtime, noting that the pay stubs do not reflect the amount of overtime hours or her rate of pay. (*Id.* ¶¶ 30-34, 36.) She performed calculations to see if Miscellaneous Pay was sufficient to cover the overtime pay owed to her, but did not have them at her deposition, nor did she submit them with her summary judgment response. (*Id.* ¶ 40.)

---

[1] The Court capitalizes this phrase throughout its opinion to be consistent with its use by the parties.

**Legal Standard**

Summary judgment is appropriate if the evidence shows that there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment has the "initial responsibility" to show that there is no genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986), but the Court must view all facts and make all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). The Court views all evidence and draws all inferences in favor of the non-moving party, and may enter summary judgment only if the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

**Discussion**

*1. FLSA and IMWL Claims*

The FLSA requires employers to pay certain employees overtime compensation of one and one-half times their normal wages for work in excess of 40 hours per week. 29 U.S.C. § 207(a). The FLSA and IMWL contain similar overtime requirements and therefor they are analyzed using the same legal framework. *See* 29 U.S.C. §§ 206(a), 207(a)(1); 8210 ILCS 105/4a. Avorywoskie bears the burden of proving that she performed overtime work for which she was not properly compensated, and if she contends that defendants' records are not accurate, which she does, then she must "produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 691 (7th Cir. 2010) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L.Ed. 1515 (1956)). In other words, to prevail on her claim, Avorywoskie must first

3

show that defendant's records, the pay stubs she received, are either "inaccurate or inadequate." *Anderson*, 328 U.S. at 687.

While Avorywoskie disputes that the Miscellaneous Pay that she received includes overtime wages, her mere assertions are insufficient to create a jury issue. *Matsushita v. Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986) (opponent of summary judgement must do more than raise "some metaphysical doubt as to the material facts"). Defendants argue that Avorywoskie has failed to identify any evidence supporting her claim that she is owed overtime wages. In response, Avorywoskie argues that defendants' testimony and admitted facts are sufficient to replace her "lack of knowledge regarding her number of hours worked." (Pl. Br. Dkt. # 59, p. 5.) Indeed, she admits that "thanks to Defendants' own admissions, it is an uncontroverted fact that for the pay period of May 24, 2013 – May 30, 2013, Plaintiff worked at least five (5) hours of overtime," and that for the remaining subject pay periods, she worked the hours defendants attest to. (*Id.* p. 5-6.) It is further undisputed that for each of these pay periods, she was paid for all hours worked, 40 hours at her regular pay rate of $9.00 per hour and varying amounts of Miscellaneous Pay for additional hours. (Pl. 56.1 Resp. ¶¶ 30-34, 36; Dkt. # 59-2.) Avorywoskie offers no evidence that she performed overtime work for which she was not properly compensated over and above what defendants have attested to. The Seventh Circuit has long maintained that "summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (internal citations omitted). Her unsupported statements are not sufficient to avoid summary judgment and her claims will be dismissed.

4

Avorywoskie also argues that since she has "produced" sufficient evidence (by means of defendants' evidence) that she worked thirty-eight hours of overtime, defendants must come forth with some evidence to rebut hers. This reasoning is illogical and completely circular. Essentially, Avorywoskie would have defendants produce evidence to negate what they have testified to. Avorywoskie misses the point. Under the burden-shifting framework Avorywoskie references, she must first demonstrate that defendants' records are inadequate or inaccurate, or in other words, that she performed overtime work for which she was not properly compensated. Only then must defendants "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 688; *see, e.g., Arteaga v. Lynch*, No. 10 C 1444, 2013 WL 5408580, at *8 (N.D. Ill. Sept. 26, 2013) (Pallmeyer, J.) (evidence sufficient under *Anderson* burden of proof paradigm where the plaintiffs first submitted, among other things, an Excel spreadsheet specifying damages and totals for each plaintiff, copies of checks returned due to insufficient funds, a sampling of paychecks, timestamp reports, and timesheets). Avorywoskie has not met her burden in the first instance, and the Court need not analyze her claim further.

The Court, however, must determine whether defendants are entitled to judgment as a matter of law based on the undisputed facts. As noted above, it is undisputed that Avorywoskie performed thirty-eight hours of overtime work during the six periods at issue here and that she received Miscellaneous Pay for that work. Avorywoskie argues, however, that pursuant to 29 CFR § 778.310, the Miscellaneous Pay she received does not constitute overtime payment under the FLSA. The Court disagrees.

Section 778.310 provides that "[a] premium in the form of a lump sum which is paid for work performed during overtime hours without regard to the numbers of overtime hours worked

5

does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis." The undisputed facts of this case, however, demonstrate that this section is inapplicable here. The regulation is titled "Fixed sum for varying amounts of overtime." Here, defendants paid varying amounts of wages for analogous varying amounts of overtime hours. When Avorywoskie worked five hours of overtime, she was paid $75.00; when she worked eight hours, she was paid $120.00; and when she worked ten hours of overtime she was paid $144.00. Accordingly, there is no "fixed sum" here. The Court finds that it is no coincidence that the times Avorywoskie testified that she recalls working the most overtime hours, she received the higher amounts of Miscellaneous Pay. (*See* Pl. 56.1 Resp. ¶ 39; Dkt. # 61-1, 102:4-11.)

The stated purpose of § 778.310 is to prevent employers "desiring to pay an employee a fixed salary regardless of the number of hours worked in excess of the applicable maximum hours standard." Accordingly the examples provided in the regulation are not comparable to this case, *e.g.*, "an agreement that provides for the payment of a flat sum of $75 to employees who work on Sunday … where the employee's straight time rate is $5 an hour and the employee always works less than 10 hours on Sunday." Further, Avorywoskie's authority contradicts her argument rather than supporting it. *See McLean & Rivera v. Garage Mgmt. Corp*, 819 F. Supp. 2d 332 (S.D.N.Y. 2011) (monthly lump sum bonus based on factors including assignment, merit and seniority does not qualify as overtime payment since it did not fluctuate based on the number of overtime hours employees worked).

Avorywoskie also argues, without any evidentiary support, that the Miscellaneous Pay payments were determined by "some other factor," rather than with regard to the number of overtime hours worked, and therefore there is a question of material fact regarding the amount of

6

overtime pay she is owed. She claims that she performed calculations to see if Miscellaneous Pay was sufficient to cover the overtime pay owed to her, but has never offered them as evidence in this case. Again, she is relying on defendants' evidence as to how many overtime hours she worked, and testified that only Shamoon would know. Shamoon's undisputed testimony is that she worked the overtime hours he identified and was "paid for all hours worked." As she states, her overtime rate is $13.50/hour (one and one-half of her regular pay, $9.00/hour). Thus, in the instances where she worked five hours of overtime, based on her rate she should have been paid $67.50 and she was paid $75.00. Where she worked eight hours of overtime, she should have been paid $108.00 and she was paid $120.00; and when she worked ten hours, she should have been paid $135, she was paid $144. (*See* Exhibit B, Dkt. # 59-2.) Accordingly, there is no genuine issue of material fact as Avorywoskie received overtime compensation for the overtime hours she worked.

For all the reasons above, defendants are entitled to summary judgment and the Court dismisses Avorywoskie's FLSA and IMWL claims.

*2. IWPCA Claim*

Defendants move for summary judgment on the IWPCA claim arguing that the Act is not the proper avenue for seeking unpaid overtime wages and that Avorywoskie fails to identify any evidence supporting her allegation that wages are owed. Avorywoskie does not respond to defendants' arguments. For the reasons below, her claim is dismissed.

The IWPCA does not establish a substantive right to overtime pay or any other kind of wage, but rather allows for a cause of action based on compensation wrongfully withheld pursuant to an employment contract or agreement. *Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 658 (N.D. Ill. 2012) (Holderman, J.). The IWPCA requires an employer to "pay every

employee all wages earned during the semi-monthly pay period," 820 ILCS 115/3, with "wages" defined as "any compensation owed … pursuant to an employment contract or agreement between the two parties, whether the amount is determined on a time, task, piece, or any other basis of calculation," 820 ILCS 115/2. Thus, the IWPCA mandates overtime pay only to the extent the parties' contract or agreement requires such pay. *See Hess v. Kanoski & Assocs.*, 668 F.3d 446, 453-54 (7th Cir. 2012); *Lopez v. Smurfit–Stone Container Corp.*, No. 02 C 7347, 2003 WL 297533, at *3 (N.D. Ill. Feb.10, 2003) (Kennelly, J.) ("The IWPCA [does] not create ... entitlement to overtime wages. In fact, the Seventh Circuit has stated that the IWPCA merely requires that the employer honor his contract.")

The bare allegation in Avorywoskie's complaint is that she "had an agreement within the meaning of the IWPCA to be compensated for all time worked at an agreed upon rate" and that she "was not paid the full agreed upon rate." (Dkt. #1 ¶¶ 39, 41.) It is now clear from the undisputed facts in the record that the only "unpaid wages" Avorywoskie sought were those from alleged unpaid overtime hours. Yet she has put forth no evidence of an employment contract or agreement entitling her to overtime pay for overtime hours worked, a requirement to support her IWPCA claim. And in any event, as explained above there is no genuine issue regarding whether she was compensated for the overtime hours she worked. Accordingly, Avorywoskie's IWPCA claim fails and is dismissed.

**Conclusion**

For the foregoing reasons, the defendants' motion for summary judgment [56] is granted and this case is dismissed.

SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: August 3, 2015